This is an interpleader suit. Complainant, a building and loan association, issued a certificate for five (5) shares of its stock to one Ross W. Pritchard, on the 11th day of December, 1923. Defendant assignee claims to be entitled to the *Page 564 
value of the shares by reason of an assignment from Pritchard, and defendant Elizabeth Pritchard, the wife of Ross W. Pritchard, claims to be entitled to the proceeds of the shares by reason of a conveyance to her by her husband. A hearing was had on the question as to whether complainant was entitled to the right to interplead the defendant, and this was decided in favor of the complainant, and the defendants have now been heard before the court as to their respective claims.
Defendant Black presented the certificate to the building and loan company for transfer, with an endorsement thereon dated the 10th day of August, 1936, whereby in due form Ross W. Pritchard purported to assign to Black his interest in the shares. The issue before the court is as to whether this conveyance gives a complete right to defendant Black to the proceeds of the shares, or whether, under the facts and circumstances alleged by Mrs. Pritchard, she is entitled to a one-half interest in the proceeds. It is conceded that Black, in any event, is entitled to one-half of the proceeds, and this has been paid to him by the building and loan association.
Mrs. Pritchard testified that after her husband had made payments for a short time on the shares he was unable to continue the payments, and that thereafter she made all, or most, of the payments for a period of many years, under an arrangement between her and her husband, whereby she was to have a one-half interest in the shares. In 1933 she and her husband separated, and in 1936, about the time of the execution of the formal assignment by the husband to Black, she made a demand upon the building and loan association for payment to her of one-half of the value of the shares. It appears that an entry was made on the books of the building and loan association, showing that she was a co-owner with her husband of the shares, but this was not done by formal endorsement on the certificate. She says that she and her husband went together to the office of the association, and the two requested that the change be made. The husband denies this. He states that the certificate was in his possession, and while he was out of the city his wife, without his knowledge or consent, took possession of the *Page 565 
certificate, and, without his knowledge, presence or participation, presented the certificate and had her name inserted. Upon his discovery of this he taxed her with it and struck out her name from the certificate, which he kept in his possession until he made the formal assignment to Black.
The statute regarding transfers of certificates such as these provides how assignments can be made, and, in my opinion, in the absence of proof of compliance therewith in the attempted conveyance to the wife, the only valid assignment was that which was made in formal manner in full compliance with the statute by the husband to Black. Had the question been one between the husband and wife alone, their transactions might have given her an interest in the shares. But here the question is as between the wife claiming under an irregular transfer, and an innocent third party who was a purchaser for value.
The statutes in question read as follows:
"Title to a certificate and to the shares represented thereby can be transferred only;
A. By delivery of the certificate endorsed either in blank or to a specified person appearing by the certificate to be the owner of the shares represented thereby; or
B. By the delivery of the certificate and a supporting document, containing a written assignment of the certificate or a power of attorney to sell, assign or transfer the same or the shares represented thereby, signed by the person appearing by the certificate to be the owner of the shares represented thereby * * *." R.S. 14:8-27.
"The alteration of a certificate, whether fraudulent or not and by whomsoever made, shall not deprive the owner of his title to the certificate and the shares originally represented thereby and the transfer of such a certificate shall convey to the transferee a good title, to the certificate and to the shares originally represented thereby." R.S. 14:8-42.
"The person to whom a certificate was originally issued is the person appearing by the certificate to be the owner thereof, and of the shares represented thereby, until and unless heendorses the certificate to another specified person, and thereupon such other specified person is the person appearing by the certificate to be the owner thereof until and unless he also endorses the certificate to another specified person. Subsequent special endorsements may be made with like effect." R.S.14:8-45.
A decree will be advised declaring that defendant Black is entitled to all the proceeds of the certificate in question. *Page 566