Mrs. E. J. Straube, C. W. Green and Evelyn Wagner, Appellants, v. Bowling Green Gas Company, a Corporation, Respondent, No. 41307—227 S. W. (2d) 666.

Division One, February 13, 1950.

Motion for Rehearing or to Transfer to Banc Overruled, March 13, 1950.

*Long & McIlroy* and *Rendlen, White & Rendlen* for appellants; *William L. Hungate* of counsel.

*John H. Haley* and *James D. Clemens* for respondent.

136

DALTON, J.—Action in equity by which plaintiffs seek to determine the ownership of and recover an interest in certain funds received by the defendant. The trial court sustained a motion to dismiss and plaintiffs have appealed.

Respondent is a distributor of natural gas within the City of Bowling Green, Missouri. Appellants are some of respondent's customers and the users of natural gas in said city. As representatives of such class, appellants have instituted this action for themselves and for all others similarly situated to compel respondent to pay to its customers their alleged respective proportional interest in two mentioned funds. One fund is the amount received by respondent from the registry of the United States Circuit Court of Appeals of the Eighth Circuit upon the affirmance of a rate reduction order of the Federal Power Commission and the other is the alleged excess amount collected by respondent from its customers after the rate reduction order was in effect as to respondent's purchases of gas and before a new rate had been established to respondent's customers. Appellants asked a ''decree and judgment permanently restraining and enjoining defendant from directly or indirectly claiming or asserting any rights to either of said funds,'' determining defendant's indebtedness to plaintiffs ''and ordering and directing defendant to deliver and pay over to plaintiffs and the persons comprising the class which plaintiffs represent, the several amounts so found to be due each.''.

Respondent at all times collected for gas sold to its customers at a rate established and approved by the Public Service Commission of Missouri, but during the period in question respondent had been buying gas from the Panhandle Eastern Pipe Line Company, a corporation, and paying therefor at a fixed rate undiminished by the rate reduction order of the Federal Power Commission. The excess so

collected above the new rate was deposited by the Pipe Line Company in the registry of the Federal Court pending the disposition of that litigation. At the close of the litigation, the rate reduction order of the Federal Power Commission was affirmed and a refund was made to respondent of the total excess amount which had been collected by the Panhandle Eastern Pipe Line Company from respondent.

Appellants alleged "that under an appropriate order of said United States Circuit Court of Appeals for the Eighth Circuit, the defendant was permitted to draw down the sum of Twenty-three Thousand Five Hundred Twenty-nine and 1/100 Dollars ($23,529.01) which was the amount allocated to defendant for the impoundment period October, 1942, through September, 1945, after filing a due and proper undertaking by the terms of which defendant was to pay to the ultimate consumers, being defendant's customers, including plaintiffs, any amounts which a court of competent jurisdiction might determine to be due." Appellants' claim to this fund is based on the theory that the reduction in the cost of gas to respondent should be passed on to respondent's customers, the ultimate consumers of the gas.

The petition is in two counts and concerns the two funds, one in the sum of $23,529.01, mentioned supra, and the other in the sum of $536.34, which, as stated, represents the alleged excess collected by respondent ▆▆▆ from its customers for gas at the established rate, after the refund and reduction order were in effect and before respondent, with the approval of the Public Service Commission of Missouri, reduced its rate to its customers. The subsequent rate reduction by respondent to its customers was based upon the fact that respondent was then purchasing gas from the Pipe Line Company at the reduced rate. Appellants further alleged that respondent was under the regulation and control of the Public Service Commission of Missouri and "earned not less than the maximum return upon the investment as allowed and fixed by the Public Service Commission of Missouri, not including the amount impounded by the U. S. Circuit Court of Appeals for the Eighth Circuit." Appellants contend that respondent's retention of the funds mentioned constitutes an unjust enrichment of respondent at the expense of its customers and that the customers are entitled to their respective proportional interest in the funds. The trial court sustained a motion to dismiss the petition and assigned as grounds therefor that the court was "without jurisdiction to determine reasonable rates or to order repayment of moneys received in accordance with rates fixed by the Public Service Commission of Missouri."

The petition appears to confuse matters within the jurisdiction of the Public Service Commission of Missouri under Article 4, Chapter 35, Sec. 5644 et seq. R. S. 1939, with matters within the jurisdiction

of the circuit court, because appellants not only prayed the court to determine the respective interest of the appellants as a class and as individuals in and to the respective funds, but also prayed for an order requiring respondent to produce its books, records and accounts so that the interest of the appellants and of all of the others in the class with appellants in the fund could be established and determined and so that the investment and the earnings of respondent could be determined. We think the record requires a decision as to whether or not appellants stated a claim upon which relief could be granted for the determination of property rights and for relief in equity, matters within the jurisdiction of the circuit court.

Appellants say that the action is "purely and simply a matter of unjust enrichment"; that it does not involve reasonableness of rate nor return of any money collected under the rate by respondent from its own funds"; that "the rate had long since been charged and collected in full by respondent"; and that "at the outset the rate for the respondent was fixed by the Public Service Commission in the regular statutory manner." There is no contention that respondent at any time collected any amount in excess of the rate filed with and approved by the Public Service Commission of Missouri. The pleadings admit that, during the entire period in question, respondent charged, and appellants paid for the natural gas used by them, no more and no less than that provided by the rate schedules so filed and approved. Appellants do not complain of these rate schedules nor seek a modification thereof, but appellants contend that, if respondent retains the two funds mentioned it will receive a sum in excess of the maximum return upon which the rate was based. The question presented concerns only the property rights, if any, of the appellants and the other customers of respondent in the particular funds described in the petition. Jurisdiction to determine these rights was vested in the circuit court. Art. 5, Secs. 1, 14, Const. Mo. 1945. The Public Service Commission of Missouri has no jurisdiction of such a controversy.

"The Public Service Commission is an administrative body only, and not a court, and hence the commission has no power to exercise or perform a judicial function, or to promulgate an order requiring a pecuniary reparation or refund." State ex rel. Laundry, Inc. v. Public Service Commission, 327 Mo. 93, 34 S. W. (2d) 37, 46; May Dept. Stores Co. v. Union Electric Lt. & Power Co., 341 Mo. 299, 107 S. W. (2d) 41, 57; State ex rel. Rutledge v. Public Service Commission, 316 Mo. 233, 289 S. W. 785, 787. "The commission 'has no power to declare or enforce any principle of law or equity' * * * and ▮▮▮ as a result it cannot determine damages or award pecuniary relief." American Petroleum Exchange v. Public Service Commission (Mo. Sup.), 172 S. W. (2d) 952, 955.

While the circuit court dismissed for want of jurisdiction, the judgment of dismissal is presented for review on this appeal and we may reverse or affirm or give such judgment as such court ought to have given. Sec. 140(c) of the General Code for Civil Procedure, Laws 1943, p. 395, Mo. R. S. A. Sec. 847.140(d) provides: "The appellate court shall examine the transcript on appeal and, subject to the provision of subsections (a) and (b) of this section, award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, or give such judgment as such court ought to have given, as to the appellate court shall seem agreeable to law. Unless justice requires otherwise the court shall dispose finally of the case on appeal and no new trial shall be ordered as to issues in which no error appears."

Appellants' theory of unjust enrichment is based on the facts stated, to wit, that respondent was paying a fixed rate for gas purchased from the Panhandle Eastern Pipe Line Company and was selling the gas to its customers at a rate fixed and approved by the Public Service Commission of Missouri; that the cost of gas to respondent was taken into consideration by the Public Service Commission of Missouri in fixing the reasonable rate at which respondent should sell gas to its customers; that respondent was prohibited by law from collecting or receiving any money in excess of the established rate (Sec. 5645 R. S. 1939); that, if respondent charged its customers any sum in excess of the established rate, the customers could recover it (May Dept. Stores Co. v. Union Electric Lt. & Power Co., supra); that respondent had charged and collected from its customers the maximum rate fixed by the Public Service Commission; that, thereafter, respondent received the rate reduction in the cost of gas and the refund, as alleged, and holds it under a claim of right; and that, after the rate reduction to respondent was in effect, respondent for a further period mentioned continued to collect for gas at the established rate, until a new and reduced rate to respondent's customers was filed and approved by the Public Service Commission.

Appellants say that their claim is based on the "matter of a reduction in one of the fixed items composing the rate which was unforeseen at the time the rate was fixed"; and that respondent was a mere conduit, since respondent collected the wholesale cost of the gas from its customers and immediately paid it to the Pipe Line Company with no portion thereof remaining in respondent's hands. Appellants argue that "respondent is not equitably entitled to the money"; that "the financial status of respondent will not be altered in any way if the two funds are returned to the appellants, the ultimate consumers of the gas"; that if respondent retains "this money it would be receiving a 'windfall,' an unjust enrichment"; and that "the two sums, if retained by the respondent, would be money in

addition to the money lawfully retained by the respondent under the rate fixed by the Public Service Commission.'' Appellants further insist that the purpose of the Natural Gas Act (Sec. 1, 15 U. S. C. A. Sec. 717) was to protect the ultimate consumers and not the intermediate utility. Mississippi River Fuel Corporation v. Federal Power Commission, 121 F. (2d) 159, 164; Federal Power Commission v. Interstate Natural Gas Co., 336 U. S. 577, 69 S. Ct. 775, 778. It is also said that the Act establishing the Public Service Commission was designated to protect the public and only incidentally, the utility. State ex rel. Electric Co. of Missouri v. Atkinson, 275 Mo. 325, 204 S. W. 897, 899. Appellants say that the sole purpose of this action is to determine whether the distributor or ultimate consumer is entitled to the funds mentioned. If, on the facts stated in the petition, the appellants are entitled to no part of either fund, the judgment must be affirmed.

Appellants concede that their rights are to be determined under state law and cite Central States Elec. Co. v. City of Muscatine, Iowa, 324 U. S. 138, 65 S. Ct. 565, 568. In support of their claim to the two funds, appellants cite Federal Power Commission v. Interstate Natural Gas Company, supra, and say that the facts and law in that case closely parallel the present case. Reference is had to that case for ''a plain statement of appellants' contention herein.'' That case involved the distribution of a fund in the custody and control of the Federal Court, a fund accumulated under the direction and orders of the court, a fund of the court's own creation. Claims to the fund were ''determinable solely with reference to federal law.'' In this case, we are not here called upon to distribute a trust fund of the court's own creation. This court has no custody of the funds here in question, nor any discretion to distribute them under equitable principles, as discussed in Inland Steel Co. v. United States, 306 U. S. 153, 59 S. Ct. 415, 418; United States et al. v. Morgan et al., 307 U. S. 183, 59 S. Ct. 795, 801. Nor is the distribution of the funds an administrative matter, as discussed in the case of Federal Power Commission v. Interstate Natural Gas Co., supra (69 S. Ct. 775, 779). In that case the court said: ''Distribution of the fund should not involve prolonged litigation. It is an administrative matter involving the exercise of an informed judgment by the federal court and should have the flexibility and dispatch which characterize the administrative process.''

Other authorities cited by appellants include Nodaway County v. Kidder, 344 Mo. 795, 129 S. W. (2d) 857; Indiana Truck Co. v. Standard Acc. Ins. Co., 232 Mo App. 63, 89 S. W. (2d) 97; York v. Farmers' Bank, 105 Mo. App. 127, 79 S. W. 968; ALI Restatement, Restitution, Sec. 160, comment (d); Pomeroy, Equity (5th Ed.) Sec. 1047, par. 2; 41 C. J. 47, Money Received, Sec. 34; 58

C. J. S. 924, Money Received, Sec. 15; 4 Am. Jur. 505, Assumpsit, Sec. 20.

These authorities do not aid appellants under the facts stated in their petition and conceded in their brief. The Nodaway County case, supra, was an action for money had and received by defendant to plaintiff's use. In that case a county judge had been paid county funds to which he was not entitled. He had collected money for services in addition to the salary provided by law. The county was permitted to recover the funds wrongfully collected by the defendant and to which he was not entitled. Appellants rely upon a statement in that opinion to the effect that an action for money had and received "lies whenever one person has received money *belonging to another* which in equity and good conscience he ought to pay to the *owner.*" (Italics ours). (129 S. W. (2d) 857, 861).

In the Indiana Truck Company case, supra, the court said that, "in accepting payment from the county, defendant has received and is retaining money which rightfully should have gone to plaintiff under and by virtue of its assignments duly executed to it and on file with the county court." (89 S. W. (2d) 97, 105).

In the York case, supra, the court points out the necessity of showing that the plaintiff was "legally entitled" to the fund received by the defendant. The American Law Institute Restatement of the Law of Restitution, Sec. 160 comment (d) refers to unjust enrichment and unjust privation and states that "In most cases where a constructive trust is imposed, the result is to restore to the plaintiff property of which he has been unjustly deprived and to take from the defendant property, the retention of which by him would result in a corresponding unjust enrichment of the defendant." The other authorities point out that an action for money had and received lies against a party for money received "if in equity and good conscience he is not entitled to hold it against the true owner." The purpose of the action is "to afford relief when it is shown that money or its equivalent has been received under circumstances under which such person receiving same should not retain it, and should, according to equity and conscience, be returned to the party to whom it belongs." Ford-Davis Mfg. Co. v. Maggee (Mo. App.), 233 S. W. 267, 268.

While appellants charge that the receipt of the two funds permits respondent to have a return in excess of a "maximum return upon the investment as allowed by ▮▮▮ the Public Service Commission of Missouri," appellants concede that the definite rate, which the respondent could and did charge, was prescribed by the Commission. What constitutes a fair return is only the basis for the rate fixed. Sec. 5645 R. S. 1939. The rate must be just and reasonable. The ultimate return to respondent as a result of the rate so fixed and subsequently charged and collected will necessarily vary from time to

time. "The law, of course, did not require that the rates at any time yield any particular return." State ex rel. Capital City Water Co. v. Public Service Comm. 298 Mo. 524, 252 S. W. 446, 456. No maximum or minimum return was determined when the rate was established. The contention and allegation that, if respondent is permitted to retain the said funds, it will result in respondent having charged and collected in excess of the "maximum return" cannot aid appellants, since the law of the state only provides for the fixing of rates' and does not fix the maximum return thereunder.

The facts alleged by appellants in the petition before us show that respondent lawfully came into possession, custody and control of both funds without any encroachment upon the rights of the appellants. Respondent never collected and appellants never paid more than the legally established rate for gas furnished by respondent and appellants' rights were never invaded. The money legally and properly collected from appellants under the established rate schedules became and was the property of respondent. When the established rate of a utility has been followed, the amount so collected becomes the property of the utility, of which it cannot be deprived by either legislative or judicial action without violating the due process provisions of the state and federal constitutions. Arizona Grocery Co. v. Atchison, T. & S. F. R. Co., 284 U. S. 370, 52 S. Ct. 183, [49 F. (2d) 563, 569]; Farmers Union Livestock Comm. v. U. P. Railway, 135 Nebr. 689, 283 N. W. 498, 504; Miller Mill Co. v. L. & N. R. Co., 207 Ala. 253, 92 So. 797, 802; St. L. & S. F. Rwy. v. State, 155 Okla. 236, 8 Pac. (2d) 744, 745; State ex rel. Boynton v. Public Serv. Comm., 135 Kans. 491, 11 Pac. (2d) 999, 1006. Appellants' rights not having been invaded by the charges and collections made by respondent there was no basis in law or equity for appellants to claim either of the mentioned funds.

"Courts of equity have no more authority to disregard plain provisions of a statute than do courts of law. Equity follows the law. The rule in this regard is well stated in 10 R. C. L. p. 382, as follows: 'Courts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law. They are bound by positive provisions of a statute equally with courts of law. * * * So wherever the rights or the situation of the parties are clearly defined and established by law, whether it be common or statutory, equity has no power to change or unsettle those rights or that situation. * * *' " Aetna Ins. Co. v. O'Malley, 342 Mo. 800, 118 S. W. (2d) 3, 10. No facts are stated to support a conclusion that the appellants were "the true owners" of either fund in law or in equity, or that appellants were "beneficially entitled" to either fund. Further, while both funds were received by respondent, one upon the orders of the federal court, and the other by the collections for gas

at the legally established rate, appellants' right of recovery on any theory of unjust enrichment necessarily depends upon whether, by the receipt of the funds, respondent was enriched at the loss and expense of the appellants. ''Unjust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another.'' Hummel ·v. Hummel, 133 Ohio St. 520, 14 N. E. (2d) 923, 927. Since the facts alleged show no ''unjust privation'' of appellants and no legal or equitable rights in appellants as to either fund, there could be no ''unjust enrichment'' of respondent at the expense and loss of appellants.

We hold that neither count of the petition stated a claim upon which relief could be granted. The court did not err in sustaining the motion to dismiss. The judgment is affirmed. All concur.