R. P. SMITH and J. Hugh Smith, Individually and on Behalf of Twenty-five Others, Appellants,

v.

PUBLIC SERVICE COMMISSION OF MISSOURI, Respondent.

No. 47766.

Supreme Court of Missouri,

Division No. 1.

June 13, 1960.

Rehearing Denied July 11, 1960.

R. P. Smith, J. Hugh Smith, Cape Girardeau, appellants pro se.

Oliver & Oliver, by Jack L. Oliver, Cape Girardeau, for Missouri Utilities Co.

Glenn D. Evans, Gen. Counsel, Thomas J. Downey, Asst. Gen. Counsel, Jefferson City, for respondent, Public Service Commission.

WESTHUES, Presiding Judge.

On June 16, 1958, Missouri Utilities Company filed with the Missouri Public Service Commission an application for permission to increase its rates for water services at Cape Girardeau, Missouri. After a hearing was held, the Commission approved the application which gave the Utilities Company an increase in revenue of about $105,000 per annum based on sales for 1957. On review to the Circuit Court of Cole County, Missouri, that court affirmed the order of the Commission. An appeal was taken to this court. Since the order of the Commission resulted in an increase in revenue of $105,000 per year, appellate jurisdiction is vested in this court. State

ex rel. Missouri Water Company v. Public Service Commission, Mo.Sup., 308 S.W.2d 704.

To understand fully the points briefed on this appeal, it is necessary that we state the names of the parties and persons who appeared before the Commission during the pendency of this case. Missouri Utilities Company, the applicant, was represented by its attorneys; American White Cross Laboratories, Sunny Hill Farm Dairy and Rigdon Laundry were permitted to intervene and were represented by attorneys; the City of Cape Girardeau was represented by its attorney; the general counsel for the Commission and an assistant were present for the Commission. The record further shows that R. P. Smith, an attorney at Cape Girardeau, appeared as representing twenty-six persons, including J. Hugh Smith, a son of R. P. Smith.

The application for review was made by R. P. Smith and J. Hugh Smith. After the Circuit Court of Cole County affirmed the order of the Commission, these parties, that is, the Smiths, appealed to this court. The only points briefed on this appeal have to do with the actions and rulings of the Commission in denying the request of J. Hugh Smith, who is not an attorney, to be made a party to the proceedings and to act as his own attorney and as such to cross-examine witnesses. J. Hugh Smith claims that he as a user of water and a property owner had a right to be made a party to represent himself before the Commission and to cross-examine witnesses.

To dispose of these questions, we note here that the record affirmatively shows that J. Hugh Smith asked the Commission that he be permitted to act as an attorney for himself and twenty-five others who had signed a petition with J. Hugh Smith protesting an increase in rates to the applicant. Note what appears in the statement to the Commission entitled "Protest and Motion to Intervene": "Comes now J. Hugh Smith and represents to the Commission that he is filing herewith the Peti-

tion of twenty-five (25) or more consumers of water of the applicant herein protesting and complaining against the Application filed herein and authorizing the undersigned to appear and present views in opposition to said proposed increase before the Commission; * * *." Again, note the statement made in the Application for Rehearing: "Come now J. Hugh Smith and R. P. Smith, protestants in the above mentioned proceeding, for themselves and twenty five other persons as shown by Petition heretofore filed, before the effective date of the Report and Order issued January 28th, 1959, and apply for a rehearing in respect to the proposed water rates and regulations in Cape Girardeau for the following reasons, to-wit: * * *." The Notice of Appeal reads in part as follows: "Notice is hereby given that R. P. Smith and J. Hugh Smith, individually and on behalf of 25 others, above-named, hereby appeal to the Supreme Court of Missouri from the Order of July 10, 1959, affirming the Order of the Public Service Commission in its case No. 13,960."

The above quotations were taken from papers signed by J. Hugh Smith. Yet, in the face of that record, he boldly states in his reply brief, "It is contended that appellant J. Hugh Smith sought to rely on the Petition signed by 25 persons as a basis for representing them before the Commission.

"This is a false premise which is sought to be knocked down and shows the desperation of the Commission and Company to try anything to save this case from being reversed."

J. Hugh Smith, not being a lawyer, it follows without argument that the Commission properly refused his request to act as an attorney in the case.

In the brief filed by the Smiths, under Points Relied On, it is stated: "1) The Commission erred in refusing to let an individual who had proved in two ways he was a party, to act as his own attorney.

"Commission Rule 12.07. 'An individual who is a party may act as his own attorney.'

"1A) By attempting to exclude a · nonattorney from acting as his own attorney, the Commission is attempting not only to violate its own rules, but to set a standard higher than the Supreme Court.

"Supreme Court Procedure."

■■ The record shows that the Commission stated to J. Hugh Smith that he would be permitted to testify and offer any evidence he desired but that he would not be permitted to examine or cross-examine any witnesses. The Commission offered him the aid of its counsel for the purpose of cross-examination as authorized by Sec. 386.080, V.A.M.S. Further, the Commission permitted the father of J. Hugh Smith to take part in the case. The record shows that the father, R. P. Smith, who is an attorney, did in fact cross-examine witnesses. Notwithstanding the protest made by J. Hugh Smith, we find by the record that his father, R. P. Smith, did in fact represent J. Hugh Smith. Under the rules of the Commission, on which J. Hugh Smith relies (a part of which he quoted in his brief), the Commission was authorized to deny the petition of J. Hugh Smith that he be made a party to the case. Note the provisions of Rule 12.02: "(a) Application for Intervention. Applications to intervene in and become a party to a proceeding shall comply with Rules 2.01 through 2.05 and shall be filed at least ten days before the proceeding is called for hearing, except for good cause shown. Such applications shall set forth the grounds of the proposed intervention, the position and interest of the intervener in the proceeding, and whether intervener's position is in support of or opposed to the relief sought.

"(b) Commission Policy on Intervention. Applications for intervention may be granted or denied at the discretion of the Commission. It shall be the general policy of the Commission to grant such application where the petitioner shows that:

"(1) The intervener has an interest in the proceeding *different from that of the general public*; or

"(2) The proposed intervention would serve the public interest; or

"(3) The intervener is a municipality or other body politic." (Emphasis supplied.)

■■ J. Hugh Smith did not have any interest in the case aside or different from that of the general public. This question was before this court in State ex rel. Consumers Public Service Co. v. Public Service Commission, 352 Mo. 905, 180 S.W.2d 40, loc. cit. 45(4), where the court stated, in substance, that the law did not contemplate that every citizen may participate in a hearing before the Commission. Such a practice would prevent the efficient administration of justice. Certainly, the public must be permitted to be represented before the Commission in rate cases. In this case, the attorney representing the City of Cape Girardeau, attorneys representing certain water users, R. P. Smith representing the twenty-six signers of a petition, and the attorneys for the Commission were present at the hearing and cross-examined the witnesses for the applicant. Furthermore, the record shows that under authority of Sec. 393.230, V.A.M.S., a preliminary examination was made by the staff of the Commission of the financial condition of the Company, its books, and the value of its plant. A report of this examination was introduced in evidence. We hold that the Commission did not abuse its discretion in denying the application of J. Hugh Smith to be made a party to the proceeding. Further, the Commission did not err in refusing J. Hugh Smith the right to cross-examine witnesses.

■ In the second point briefed by the Smiths, it is stated:

"2) The public, as well as a utilities company, must be given consideration in any proceeding for a rate increase, the rate

must be just and reasonable, and the Commission is not required to allow a rate which will at any time yield any particular rate of return.

"Straube v. Bowling Green Gas Co., 360 Mo. 132, 227 S.W.2d 666; V.A.M.S. Sec. 393.130; State ex rel. v. Public Service Comm., 308 S.W.2d 704 (loc. cit. 718)."

The authorities cited support the statement which is an abstract statement of law presenting nothing for our review.

■ Point three of the Smith brief reads as follows:

"3) A certified copy of the finding and order of the Commission was necessary to be served on appellants.

"*Section 386.490, R.S.Mo. 1949.*"

The Commission evidently was of the same opinion. We note that at the conclusion of the order granting applicant relief, the Commission made the following order: "Ordered: 3. That this Order shall become effective on February 7, 1959, and that the Secretary to the Commission shall forthwith serve a certified copy of this Order upon each interested party of record." There is nothing in the record to show that the Secretary to the Commission did not obey the order or failed to serve the various parties with a copy of the order of the Commission.

■ A motion was filed in this court asking that we strike from the files the brief of respondent. The ground assigned is that only one copy of the brief, instead of two, was served on appellants. The motion was not verified and no contention is made that appellants were prejudiced by having only one copy of the brief. We overrule the motion without further comment.

The judgment of the circuit court approving the Order of the Public Service Commission is hereby affirmed.

All concur.