THOMPSON et al., Plaintiffs-Appellants,

v.

James J. ALLAIN, Defendant-Respondent.

No. 23809.

Kansas City Court of Appeals.

Missouri.

Feb. 3, 1964.

Floyd M. Sprague, Joseph K. Houts, Sprague, Wilcox & Houts, St. Joseph, Hale Houts, Thad C. McCanse, Houts, James, Randall, Hogsett & McCanse, Kansas City, for appellant.

Richard T. Brewster and Paul C. Dugan, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiffs are partners, practicing medicine and surgery and conducting a Clinic in St. Joseph, Missouri, and surrounding territory, under the firm name of the Thompson, Brumm and Knepper Clinic, hereafter referred to as Clinic. Plaintiffs will be referred to as partnership. Defendant is a former member of the partnership but voluntarily resigned on June 2, 1962, and

engaged in the practice of medicine and surgery at 2022 Swift, in North Kansas City, Missouri, for a monetary consideration. Plaintiffs instituted suit seeking to enjoin and restrain defendant from carrying on the practice of his profession within a fifty (50) mile radius of the corporate limits of St. Joseph, Missouri, alleging it to be in violation of the restrictive terms of the partnership agreement existing between the plaintiffs and defendant on the date of, and prior to, the latter's voluntary resignation and withdrawal from the partnership. Judgment was for defendant and plaintiffs appeal.

■■ ■■ This is an equity case. It is for trial *de Novo*. Our review is with deference to the findings of the trial chancellor on *unreconcilable, directly conflicting verbal testimony*, on fact issues; and his findings are usually sustained *unless the overwhelming weight* of the evidence appears to be against them. The rule does not extend to evidence in the form of depositions or documents. Sebree v. Rosen, Mo., 349 S.W. 2d 865, 872. Plaintiffs, in their motion for a new trial, challenged the sufficiency of the evidence to support the judgment. They contend that, under the evidence, the judgment should have been for them. We will review the case upon both the law and the evidence and, if possible, give such judgment as the trial court should have given, as shall seem agreeable to law. Rejected testimony, if in the record and admissible, will be considered, and any incompetent testimony admitted or considered by the trial court will be disregarded. Minor v. Lillard, Mo., 289 S.W.2d 1, 2.

Dr. Thompson, a senior partner and a plaintiff, stated that plaintiffs constitute all of the senior partners of the Clinic, at this time; that defendant is an ophthalmologist (an eye specialist); that he became an employee in 1956, and became a senior partner in the Clinic January 9th, 1959; that witness and two other medical practitioners organized the Clinic in 1946; that their surgical practice, at that time,

was located in St. Joseph but extended outward from one hundred (100) to one hundred fifty (150) miles, including Kansas City; that they intended adding to the membership of the partnership from time to time; that they adopted a covenant, binding on all members, not to engage in the practice of medicine or surgery, for a monetary consideration, for a period of three years after ceasing to be a partner, at any point within a radius of fifty (50) miles from the corporate limits of St. Joseph; that, thereafter, specialists in various categories of the medical practice were added as partners until the total membership was, at the time of the trial, twenty-three; that, since defendant's resignation, there had been no ophthalmologist at the Clinic; that the Clinic has treated 109,000 individual persons since its establishment; that from 300 to 500 patients per day are being treated; that patients come from a radius of one hundred fifty (150) miles; that there was no criticism of defendant's services; that, when he intimated that he would resign, witness interviewed him, tried unsuccessfully to dissuade him, and was told that he would enter practice at Milwaukee, Wisconsin; that, when it was learned that defendant would practice in North Kansas City, he was told that such would be in violation of the restrictive covenant.

Various documents were introduced without objection, including the partnership agreement containing the restrictive covenant. It was signed by all of the then senior partners, including defendant, when he became a senior partner on January 9th, 1959. The partnership agreement, including the covenant, was re-executed by all partners, including defendant, in 1961, when a new partner was admitted.

The covenant provides, in part, as follows:

"In the event of the withdrawal or retirement from the partnership of any senior partner * * * or in the event of the resignation, removal or discharge of any staff member from the

Clinic, such former senior partner or former staff member shall not for a period of three (3) consecutive years, commencing from the time when his membership in or employment by the partnership shall cease, engage or re-engage in the practice of medicine and surgery for a monetary consideration in the City of St. Joseph, or in the County of Buchanan or elsewhere within a radius of fifty (50) miles from the corporate limits of the City of St. Joseph, Missouri * * *."

The evidence was to the effect that the corporate limits of St. Joseph were extended as of December 30th, 1958; that highway 29 was opened for travel in 1960, reducing the road distance between St. Joseph and 2022 Swift, North Kansas City, defendant's present business address; that, prior thereto, the road distance between the two points was more than fifty (50) miles; that the distance, since December 30th, 1958, has been less than fifty (50) *road miles*; that it is forty *air* miles from the *center* of St. Joseph to defendants office; that, from the perimeter of the corporate limits of St. Joseph to Seventy First Street and Bannister Road, in Kansas City, Missouri, (which is a further distance than is 2022 Swift, North Kansas City) it is fifty (50) *air* miles; that in 1961, when the defendant re-executed the partnership contract, including the covenant, the distance was less than fifty (50) miles both by road and air. Defendant stated that "radius" is a straight line drawn from the central point to the periphery of the circle. Of course, a mile along such a line would be the same as an air mile. Defendant voted, in September, 1959, with other staff members to enforce the restrictive covenant as to a former member of the staff who was withdrawing therefrom and who had requested suspension of the provisions of the covenant.

The restrictive covenant was not enforced against Dr. Andrews who left the Clinic in 1953, Dr. Sauer, 1954, and Dr. Schertz in 1955. All engaged in the medical practice in North Kansas City, without protest from plaintiffs. Dr. Schertz continued with the Clinic part time, for awhile after he was re-established. However, plaintiffs and defendant voted to enforce the covenant, in 1961, as against a resigning staff member, but there is no evidence as to where he proposed to practice his profession. Defendant stated that he was told by a senior partner, representing the partnership, when he first visited the Clinic to consider employment, that the covenant did not apply to North Kansas City; and that it was stated by a senior partner, at a board meeting of all partners, that the covenant did not apply to Kansas City or North Kansas City. Dr. Schertz testified similarly as to other board meetings. The phrase "twenty (20) mile radius" was interpreted by plaintiffs to mean road miles in connection with the use by partners of their private automobiles in their practice. Defendant was told by plaintiffs, prior to re-engaging in practice, that North Kansas City was within the fifty (50) mile zone, and that the covenant would be enforced. He stated that he thought they were bluffing. He denied that he was ever told that "miles" meant air miles. He stated that, during the thirty (30) days that he practiced at his new location, prior to being enjoined, he saw ninety-nine former Clinic patients, and a total of one hundred twenty one (121) from the area between St. Joseph and North Kansas City.

■ Contracts of this character, between physicians and surgeons, will ordinarily be enforced in equity on the grounds that, for breach of such a covenant, there is no adequate remedy at law, and that the object of the contract can be attained only by the parties conforming expressly and exactly to its terms. 28 Am.Jur. Injunctions, page 626, par. 127; Glover v. Shirley, 169 Mo. App. 637, 155 S.W. 878, 879; Gordon v. Mansfield, 84 Mo.App. 367, 373, 374.

In Daniel v. Goesl, 161 Tex. 490, 341 S.W.2d 892, a covenant of this character was enforced against a physician who retired from a partnership. The restriction covered one County in Texas and one in Arkansas. In Cogley Clinic v. Martini, 253 Iowa 541, 112 N.W.2d 678–681, there was a covenant prohibiting a physician who should retire from his association with the Clinic from re-engaging in practice in Council Bluffs, or within a radius of twenty five (25) miles thereof, for a period of three years. It was held to be reasonable and was enforced. In Lareau v. O'Nan, Ky., 355 S.W.2d 679, where a physician had contracted not to re-engage in practice in Henderson County within a period of five (5) years after having left employment with a Clinic. It was held to be a reasonable restriction and was enforced by injunction. In Beam v. Rutledge, 217 N.C. 670, 9 S.E.2d 476, the court enforced such a restrictive covenant against a physician leaving the employment of another physician. The restriction was as to the town of Lumberton or within one hundred (100) miles thereof, for a period of five (5) years.

According to the weight of authority, the contract here considered is reasonable and definite in its terms. However, defendant contends that he did not understand the restriction to include North Kansas City, when he joined the staff, that plaintiffs had so stated in open meetings of the partnership. If the word "miles" as used in the contract, means road miles, as defendant contends, then it was more than fifty (50) road miles between the two cities when defendant became an employee, and in 1959 when he became a partner. But, in 1961, all of the partners, including defendant, re-executed the contract. At that time the road mile distance to defendant's office in North Kansas City was less than fifty (50) miles because of the opening of a new highway.

■ However, the language used, radius of fifty (50) miles, without qualification, could not mean road miles. Johnson v. McIntyre, 309 Pa. 191, 163 A. 291; Pennsylvania Threshermen & Farmers' Mutual Casualty Ins. Co. v. Messenger, 181 Md. 295, 29 A.2d 653; LeMaine v. Seals, 47 Wash.2d 259, 287 P.2d 305, 311. It is common knowledge that roads do not extend from a given place in a straight line, to every point on the compass. This instrument cannot be rendered ambiguous by verbal statements made long prior to its execution in 1961. Material changes in the physical size of St. Joseph, and in the highway had occurred before 1961. Defendant was warned that, no matter what may have gone before, plaintiffs considered North Kansas City to be within the restriction and would enforce it. He chose to disregard the warning because he thought plaintiffs were bluffing. Plaintiffs delivered this warning as soon as they learned that defendant was not going to locate in Milwaukee, as originally planned, but was going to practice in North Kansas City, and before he had begun his new practice.

■ The fact that some of the plaintiffs did not invoke the covenant as to other retiring partners does not amount to a waiver as to defendant. The partnership, as it existed when previous members retired and located in North Kansas City, may have had good reasons for not having objected to such conduct. We are here concerned with the agreement as executed in 1961, and with the position taken by the partnership as it existed at the time defendant located his private practice in North Kansas City. Eichelsbach v. Harding, Mo.App., 309 S.W.2d 681, 686.

The judgment is reversed. It is the judgment of this court that defendant be, and is, enjoined and restrained from practicing as a physician and surgeon in North Kansas City, Missouri, within the corporate limits of St. Joseph, Missouri, and at any other location within a radius of fifty (50) air miles measured from the corporate limits of the City of St. Joseph, Missouri, for a period of three (3) years from and

after the effective date of his resignation as a partner in the Clinic, June 2nd, 1962.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

HUNTER, J., not participating.