**JACKSON SAVINGS AND LOAN ASSOCIATION, a Corporation, Plaintiff,**

v.

**Dale SEABAUGH et al., Defendants,**

**Lucy Seabaugh, Defendant-Respondent,**

**Everett L. Seabaugh, Defendant-Appellant.**

No. 31966.

St. Louis Court of Appeals.

Missouri.

Sept. 21, 1965.

Paul A. Mueller, Jr., Jackson, for plaintiff.

Leo J. Rozier, Perryville, Limbaugh, Limbaugh & Russell, Cape Girardeau, for defendant-respondent.

L. C. Combe, Greenville, Ill., for defendant-appellant.

JAMES D. CLEMENS, Special Judge.

This case began as an equitable action in interpleader over a savings and loan account of $3,269.48. Plaintiff paid the money into court and was discharged. A family fight ensued. Appellant and respondent each claimed to be the surviving joint tenant of the deceased co-depositor. Respondent Lucy Seabaugh prevailed and this appeal followed. The issue: Are the parties' rights to the deposit as between themselves, to be determined by formal requirements governing the method of transferring such accounts?

The fund now in dispute began when M. W. Seabaugh, now deceased, deposited $1,500 of his own funds with the plaintiff savings and loan association. Soon after, M. W. Seabaugh added more of his funds. There have been no withdrawals, and divi-dends accumulated. The respondent Lucy Seabaugh was a daughter-in-law, and the appellant Everett L. Seabaugh was one of the children of M. W. Seabaugh. When M. W. Seabaugh opened the account in 1954, at his direction the plaintiff issued its savings certificate No. 3149 to "M. W. Seabaugh or Lucy Seabaugh." This was without her knowledge. In 1956 the account was changed to read "M. W. Seabaugh or Evert L. Seabaugh." In 1958 the account was again changed by adding the words "as Joint Tenants with right of survivorship and not as Tenants in Common." The details of these changes and other pertinent facts will be given later.

Respondent Lucy Seabaugh pleaded that the decedent always intended that on his death the fund would go to her, for distribution by her among his heirs; that the change of the account to Everett L. Seabaugh was at his insistence by undue influence over his father who then lacked functional mental capacity. She later pleaded that the changes in the account to Everett Seabaugh were ineffective because not made in compliance with § 369.170 V.A.M.S. and § 17 of plaintiff's by-laws. Appellant Everett Seabaugh denied Lucy Seabaugh's allegations and pleaded that it was his father's intention to create a joint account with Everett.

The case came on for trial on the issues raised between Lucy and Everett. He introduced evidence to support his allegations; she offered none. From this we find these further facts: M. W. Seabaugh lived in rotation with his many relatives. On March 22, 1954, without the knowledge of Lucy or other heirs, he opened the savings account with plaintiff. The names "M. W. Seabaugh or Lucy Seabaugh" were entered on plaintiff's certificate and certificate register book, and also on its ledger sheet and a pass-book. The certificate and pass-book were handed over to Mr. Seabaugh, and the certificate register book and ledger sheet were lodged in the plaintiff's office. On August 24, 1956, M.

W. Seabaugh asked plaintiff's manager in charge of its office, a Mr. Williams, to meet him at a bank near plaintiff's upstairs office. Mr. Williams was a director of plaintiff association, and its secretary and treasurer. Mr. Seabaugh then handed over his certificate and pass-book and told Mr. Williams he wanted the account changed from Lucy to Everett as his co-depositor. Mr. Williams struck out Lucy's name on both Mr. Seabaugh's certificate and pass-book, initialed and dated the changes, and gave both records back to him. Back at plaintiff's office, similar changes were then made on the plaintiff's ledger sheet and on its certificate register book. This was in accord with plaintiff's customary procedure in making changes in existing accounts. In May of 1958 M. W. Seabaugh became dissatisfied with his life with relatives in Missouri and asked Everett if he could move in with him at Everett's home in Illinois. The request was granted, and Mr. Seabaugh lived with Everett until his death in 1960. On May 31, 1958, two or three days before leaving Missouri for Everett's home, M. W. Seabaugh went to plaintiff's office and asked Mr. Williams to "stamp the account" with a joint-tenant survivorship clause. The plaintiff's ledger sheet and certificate register book, and M. W. Seabaugh's certificate and pass-book, were then each impressed with a rubber stamp beneath "M. W. Seabaugh or Evert L. Seabaugh," adding the words "as Joint Tenants with right of Survivorship and not as Tenants in Common." The certificate and pass-book were then handed back to M. W. Seabaugh. When Mr. Seabaugh arrived at Everett's home in Illinois a few days later he told Everett and family friends of his dissatisfaction with the care he had received in Missouri. He told them he wanted to spend the rest of his days with Everett and that he wanted Everett to have all he had, and he gave Everett the certificate and pass-book. As said, Lucy Seabaugh offered no evidence to contradict this evidence, and we find it credible. From all this we conclude that M. W. Seabaugh

intended to make Everett a joint-tenant so that upon his death Everett, and not Lucy, would be the sole owner of the account.

■ The account, as finally carried on plaintiff's books, was in the statutory form of a joint tenancy between M. W. Seabaugh and Everett L. Seabaugh. § 369.150 V.A.M.S. To the contrary, Lucy never was a joint tenant with M. W. Seabaugh. In the absence of evidence of an intention by M. W. Seabaugh to create a joint tenancy with Lucy, none was created by the mere use of the word "or" linking their names in the original deposit, and M. W. Seabaugh's right to change the account is not and cannot be challenged. Longacre v. Knowles, Mo., 333 S.W.2d 67, 1. c. 70. If the change in the account by M. W. Seabaugh to the final form was effective, a joint account was created, and upon M. W. Seabaugh's death Everett L. Seabaugh became the sole owner. Jenkins v. Meyer, Mo., 380 S.W.2d 315, 1. c. 320.

The trial court based its judgment solely on the ground that there was no valid transfer of ownership of the account in compliance with § 369.170 V.A.M.S., and Section 17 of plaintiff's by-laws. The by-law was never introduced in evidence, but it is so similar to the cited statute that this appeal can be decided without resolving Lucy Seabaugh's contention that the by-law should be considered on this appeal.

The statute on which Lucy bases her claim is § 369.170(1) V.A.M.S. With our emphasis added, it says: "Accounts shall be transferable only upon the *books of the association* and upon proper *application by the transferee* and the *acceptance of the transferee* as a member upon terms approved by the board of directors." The plaintiff's by-law 17, proffered here but not below, would further require that accounts be transferable upon the books of the association only upon *surrender of certificates properly endorsed*. Both the statute and by-law go on to provide that the association may treat the account holder of record as the true owner, without being bound by

mere notice of an adverse claim. A comparable statute, § 362.370 V.A.M.S., applies to bank deposits. Both the statute and by-law seem to us to be drawn to fit a transaction where a sole depositor assigns his interest in his deposit to a third person, who then takes the place of the original depositor. It is not clear that the statute or by-law were intended to apply to changes in co-depositors.

Bearing in mind our finding that it was M. W. Seabaugh's intent to create a joint tenancy with Everett, we now further consider his actions tending to formally deprive Lucy of her original inchoate interest in the account and to bestow on Everett the rights of a joint tenant. We consider whether M. W. Seabaugh substantially complied with the cited statute and the by-law. The plaintiff had never used written application for membership or transfer, and M. W. Seabaugh's oral request to change the account was first complied with by plaintiff's officer in charge, Mr. Williams, by deleting Lucy's name and subscribing Everett's name on both the certificate and pass-book and by initialing and dating the changes. It was shown that Mr. Williams had authority from the plaintiff's directors, of whom he was one, to accept members at his own discretion. Following this "application" by M. W. Seabaugh and "acceptance" by plaintiff, the ledger sheet and stock certificate register were also amended to conform. Thus, the statute was fully if not artfully complied with.

As to the further by-law requirement that accounts were transferable upon the association's books only upon surrender of the certificates properly endorsed: the transfer was in fact entered on the association's books when M. W. Seabaugh surrendered the certificate to Mr. Williams. The act of prior endorsement by M. W. Seabaugh was for the association's protection, and was not binding on M. W. Seabaugh. See Baden Bank of St. Louis v. Trapp, Mo.App., 180 S.W.2d 755, l. c. 758;

10 Am.Jur.2d, Banks, § 348, n. 5; and 9 C.J.S. Banks and Banking § 286, n. 98, as to comparable statutory requirements. M. W. Seabaugh had clearly manifested to the plaintiff his desire to create a joint account with Everett. The plaintiff association just as clearly manifested its acceptance of and its compliance with that request. The plaintiff association may well have had the right to decline to change the deposit without literal compliance with the terms of the quoted statute and by-law. But, this was a right which it could and did waive by making the requested changes in its own manner. Blackshaw v. French, Mo.App., 45 S. W.2d 916, l. c. 918; Whitsett v. People's Nat. Bank, 138 Mo.App. 81, 119 S.W. 999, l. c. 1003; In re Cooper County State Bank, Mo.App., 67 S.W.2d 109, l. c. 113. We hold that the changes made in the account were in substantial if not literal compliance with the statute and the by-law, and in equity those changes created a joint account with Everett L. Seabaugh.

Respondent says, and we agree, that this is a case of first impression in Missouri. She cites two out-of-state cases. Pequannock, etc., Ass'n v. Pritchard, 134 N.J.Eq. 563, 36 A.2d 755, concerned an action between a depositor and the association and upheld a statutory requirement as to formality of transfer. That court acknowledged that a different result might have been reached if the action had been one between two depositors, as here. Hornaman v. Vaughan, 191 Kan. 42, 379 P. 2d 257, concerned a contest between stockholders of a savings and loan association as to voting rights, rather than as to their rights as depositors, as here. Neither case is considered in point.

We have dealt at length with the purely legal aspects of the changes in the account because that is the basis of Lucy's contention and the basis of the lower court's judgment. However, it must be noted that we are not here called on to determine rights as between the plaintiff association and its depositors. The action between the

claimants is one in equity and they each so consider it. Taylor v. Perkins, 171 Mo.App. 246, 157 S.W. 122, l. c. 123; Borchers v. Barckers, 158 Mo.App. 267, 138 S.W. 555, l. c. 557. In such a case between rival claimants to a fund paid into court by the disinterested stake holder, "The issue is a simple one, to-wit: Who is the rightful owner of the said certificate * * *?" Harris Banking Co. v. Miller, 190 Mo. 640, 89 S.W. 629, l. c. 633, 1 L.R.A.,N.S., 790. The whole case is before us both on the law and evidence. Commonwealth Trust Co. v. DuMontimer, 193 Mo.App. 290, 183 S.W. 1137, l. c. 1139. We must reach our own conclusion and render such judgment as we decide should have been rendered in equity by the trial court. Anderson v. Curls, Mo.App., 309 S.W.2d 692, l. c. 694; Thompson v. Allain, Mo.App., 377 S.W.2d 465, l. c. 466.

■ We are not blind to the maxim that equity follows the law. Judge Cardozo has said in effect that a chancellor in equity is not a knight-errant roaming at will in search of his own ideals of virtue and what is right between man and man. Brawner v. Brawner, Mo., 327 S.W.2d 808, l. c. 812. And see Leggett v. Missouri State Life Ins. Co., Mo., 342 S.W.2d 833, l. c. 931; and Milgram v. Jiffy Equipment Co., 362 Mo. 1194, 247 S.W.2d 668, l. c. 675, 30 A.L. R.2d 925. But the maxim does have its limitations. It restrains a court of equity only from destroying those legal rights which are plain, positive and clearly defined. Straube v. Bowling Green Gas Co., 360 Mo. 132, 227 S.W.2d 666, l. c. 671, 18 A.L.R.2d 1355; Aetna Ins. Co. v. O'Malley, 342 Mo. 800, 118 S.W.2d 3, l. c. 10. For the reasons we have given above, we do not believe that respondent Lucy Seabaugh had any such plain, positive and clearly defined legal right to the deposit, either under the statute or the by-law. So we are not hindered by the maxim. Instead, we follow its corollary, colorfully stated by our Su-

preme Court in Holloway v. Jones, Mo., 246 S.W. 587, l. c. 591: "* * * As the archer bends his bow that he may send the arrow straight to the mark, so equity bends the letter of the law to accomplish the object of its enactment. * * *" So, we must reach our decision within the framework of other equitable principles.

■ In 9 C.J.S. Banks and Banking § 997, p. 1420, it is said: "In equity no particular form is essential to the validity of an assignment of a savings bank account, it being sufficient if there is an intentional transfer or making over of the account, conferring a complete and present right on the assignee. * * *" This meshes with our general principles of equity.

■ In sum, Lucy Seabaugh's claim is based on a matter of form, while Everett's claim is based on a matter of true intent and substance. Because both parties ask us to do equity we must answer that equity disregards the form of a transaction and gives effect to the intention of the parties. Kimberly v. Aldridge, Mo.App., 357 S.W. 2d 558, l. c. 562. As said by Judge Conkling in Taylor v. Baldwin, 362 Mo. 1224, 247 S.W.2d 741, l. c. 755: "* * * Courts of equity take no account of mere inaccuracies of expression or inappropriate choice of words. Equity pierces the form and takes cognizance of substance * *."

So considering the case, we cannot agree with the conclusion reached in the trial court. We find that Everett, not Lucy, is in equity entitled to the fund. The cause should be reversed, with directions to enter judgment for defendant, Everett L. Seabaugh. It is so ordered.

ANDERSON, Acting P. J., and RUDDY, J., concur.

WOLFE, J., not participating.