STATE of Missouri ex rel. FEE FEE TRUNK SEWER, INC., Relator,

v.

The Hon. Arthur LITZ, Judge of the Circuit Court of St. Louis County, Division No. 5, Respondent.

No. 40726.

Missouri Court of Appeals, Eastern District, Division Two.

March 4, 1980.

David L. Welsh, Maryland Heights, for relator.

Brian Bild, St. Louis, William M. Barvick, Jefferson City, for respondent.

STEWART, Judge.

This is an original proceeding in prohibition in which Relator seeks to prohibit Respondent from proceeding in a class action suit brought by Richard Bardes and others on behalf of themselves and other real property owners who had been customers of Fee Fee Trunk Sewer, Inc. In this proceeding we have been favored with briefs by Missouri Public Service Commission (Commission) and by the Office of Public Counsel (Public Counsel) as amici curiae. The plaintiffs in the underlying action will be referred to as plaintiffs.

The essential facts are not in dispute. It is only the legal conclusions to be drawn from them that we must consider. Relator is a Missouri corporation and until early 1978 was a public utility engaged in the business of providing sewage service to a portion of St. Louis County. During the time Relator was in operation as a public utility it received assets as contributions in aid of construction for the benefit of real property owners within Relator's service area.

On April 27, 1977 Relator entered into a contract with Metropolitan St. Louis Sewer District (MSD) for the sale of substantially all of Relator's assets, including the contributions in aid of construction or assets substituted for those contributions, for a total consideration of $12,000,000.00. Metropolitan St. Louis Sewer District is a municipal corporation and a political subdivision of the State of Missouri, operating a sewage system in the St. Louis-St. Louis County area. As a subdivision of the State it is not subject to the jurisdiction of the Commission. Relator as a public utility is subject to the jurisdiction of the Commission, § 386.020(19) RSMo. (1967). The sale of any part of its franchise works or system necessary or useful in the performance of its duties to the public must be authorized by an order of the Commission. § 393.190.1 RSMo. (1969).

On June 21, 1977 Relator filed an application with the Commission seeking authority to sell its business and assets in accordance with the contract with MSD. Thereafter Public Counsel filed "Suggestion for Consideration of the Commission." He did not request a formal hearing. The suggestions are not before us but from the order subsequently made by the Commission it appears that he sought to have the contributions in aid of construction returned to the property owners.

The Commission entered its order, effective on December 2, 1977, authorizing Relator to "sell to the Metropolitan Sewer District, its sanitary sewer system, outstanding stock, and its assets at and for the agreed upon purchase price of Twelve Million Dollars ($12,000,000)" in accordance with the contract entered into with MSD.

In its order the Commission made the following comment:

"The final 'Suggestion' of the Public Counsel proposes that the Commission determine what portion of the proposed purchase price is not attributable to the capital invested in the Applicant by its stockholders and, thus, not properly refundable to them. This amount, it is contended, represents unused customer contributions in aid of construction which should be returned to the Applicant's ratepayers. While the argument presented is intriging (sic), the Commission feels that there has been no legally competent evidence presented in its support. Further, the Commission has significant reservations as to whether it possesses the jurisdiction to determine the legal questions which are raised by such an argument."

After Public Counsel's motion for rehearing was overruled he filed a petition for review in the Circuit Court of Cole County. This petition was dismissed voluntarily.

While the petition for review was pending plaintiffs filed the present action in four counts alleging inter alia that Relator

was unjustly enriched by reason of the sale by Relator of the contributions in aid of construction. They seek to have the court declare a constructive trust upon the proceeds of the sale that represent the value of the contributions in aid of construction and that the court impose an equitable lien upon said proceeds.

Relator filed both an answer to plaintiffs' petition and a motion to dismiss. The trial court overruled Relator's motion to dismiss. Relator then made application to this court for Writ of Prohibition alleging that the trial court lacked jurisdiction because the plaintiffs had not exhausted their administrative remedies. Our preliminary writ issued for determination of that issue.

The ultimate solution to this case is dependent upon a determination of whether the Commission has jurisdiction to grant the relief sought by plaintiffs in the action that is pending before respondent judge. If the Commission had no jurisdiction to make a determination of interests of persons making claim to the proceeds of the sale of Relator's assets then it necessarily follows that plaintiffs would have no remedy to pursue before the Commission; ergo the doctrine of exhaustion of remedies would not be applicable.

The Commission is a creature of the legislature and has only such powers as are expressly conferred upon it by statute and those powers reasonably incident thereto. It may not perform the judicial function. It has no power to determine damages, award pecuniary relief, declare or enforce any principle of law or equity. *Straube v. Bowling Green Gas Co.*, 360 Mo. 132, 227 S.W.2d 666 (Mo.1950).

We have reviewed Chapter 386 RSMo. which delineates the general powers of the Commission and Chapter 393 RSMo. which deals specifically with the Commission's powers over public utilities including those furnishing sewage services. We have found no provision and Relator directs us to no provision that grants to the Commission the power to determine the interests of persons making claim to the proceeds of the sale of the assets of a utility. Before a utility can sell assets that are necessary or useful in the performance of its duties to the public it must obtain approval of the Commission. § 393.190 RSMo. (1969). The obvious purpose of this provision is to ensure the continuation of adequate service to the public served by the utility. The Commission may not withhold its approval of the disposition of assets unless it can be shown that such disposition is detrimental to the public interest. *State ex rel. City of St. Louis v. Public Service Commission. of Missouri*, 335 Mo. 448, 73 S.W.2d 393, 400 (Mo. banc 1934).

We can conclude this issue in the words of *Straube v. Bowling Green Gas Co., supra* at page 668:

"The question presented concerns only the property rights, if any of the [plaintiff] and the other customers of [relator] in the particular funds described in the petition. Jurisdiction to determine these rights [is] vested in the circuit court. . . The Public Service Commission of Missouri has no jurisdiction of such a controversy."

Relator also contends that plaintiffs' action constitutes a collateral attack upon a valid order of the Commission. Plaintiffs do not seek to have the order of the Commission modified, amended or declared void. A judgment favorable to plaintiffs in the underlying action would not result in rendering the order of the Commission ineffective and thus it does not constitute a collateral attack upon the order of the Commission. See *State ex inf. Voigts v. City of Pleasant Valley*, 453 S.W.2d 700, 704 (Mo. App.1970).

Relator has filed a motion for judgment on the pleadings. We have reviewed the memoranda of counsel and find it to be without merit. The essential facts upon which we have ruled this case are not in dispute. In view of the conclusion we have reached it is unnecessary to discuss Relator's motion further. Relator's motion is denied.

Our preliminary writ heretofore issued is quashed.

STEPHAN, P. J., and KELLY, J., concur.