Keith O. WHITE, d/b/a White Trucking, Inc., Petitioner,

v.

EXETER DRILLING COMPANY, Respondent.

No. 87–1.

Supreme Court of Wyoming.

Jan. 30, 1987.

Stephen H. Kline of Kline, Buck & Asay, Cheyenne, for petitioner.

David Evans of Rooney, Bagley, Hickey, Evans & Statkus, Cheyenne, for respondent.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

PER CURIAM.

By appellee's motion to dismiss, and this court's jurisdiction review, this case presents a foundational issue of the jurisdiction of the Wyoming Public Service Commission to cite for hearing and enter a money judgment against a nonregulated shipper upon complaint of the regulated carrier for contended underpayment of freight charges for hauling oil field equipment.

We are presented with a claim filed with the Public Service Commission by a regulated carrier seeking a money judgment against its customer, wherein contendably it undercharged filed intrastate freight tariffs in prior years, alleging a deficiency owing from the customer. In finding that the certificated freight carrier has no standing to litigate with its customer in the Public Service Commission forum, and that the Public Service Commission does not have jurisdiction to award damages against a noncertificated customer, we approve the dismissal order of the Public Service Commission by dismissal of this appeal.

Factually, this case follows a similar controversy presently being litigated by a carrier, thus far unsuccessfully, in the federal courts, by seeking an interpretation of Wyoming statutes to determine the effect of filed freight tariffs. This case then was filed by White Trucking, Inc., as a "Complaint" before the Public Service Commission, naming Exeter Drilling Company, its customer, as respondent. White claimed underpayment of freight charges as deter-minable from a filed tariff, and requested an order validating the tariff as enforceable, and that the Commission require

"Exeter Drilling to remit to the complainant the sum of One Hundred Twenty-one Thousand Three Hundred and Thirty Dollars and Sixty-eight Cents ($121,330.68) to compensate Complainant for that deficiency existing between the tariff rate and the amount paid [for the years 1983–1986]."

■ The court finds, as a principle simply stated, that White lacks standing to litigate its claimed undercollection for freight services with Exeter, a nonregulated business entity, in the Public Service Commission forum, and that the Public Service Commission lacks jurisdiction over Exeter, and lacks jurisdiction to render a money judgment.

Applicable Wyoming statutes do not alter the general principle of the administrative agency's restricted power and authority. Neither do they provide the required authority for the utility commission to enter a money judgment in behalf of the certificated carrier against the customer for contended under-collection of tariff-scheduled minimum charges.

"The commission shall have general and exclusive power to regulate and supervise every public utility within the state in accordance with the provisions of this act." Section 37–2–112, W.S.1977.

"Whenever any Wyoming public utility has a *controversy with any other person* and all the parties to such controversy *agree in writing* to submit such controversy to the commission as arbitrators, the commission may act as such arbitrators, and after due notice to all parties interested may proceed to hear such controversy, and their award shall be final." (Emphasis added.) Section 37–2–113, W.S.1977.

These statutes are the authority provided, and the requested relief does not fit within the provisions established by the legislature. *Public Service Commission v. Formal Complaint of WWZ Company*, Wyo.,

641 P.2d 183 (1982); *Phillips Petroleum Company v. Public Service Commission,* Wyo., 545 P.2d 1167 (1976); *Tri-County Electric Association, Inc. v. City of Gillette,* Wyo., 525 P.2d 3 (1974); *Straube v. Bowling Green Gas Company,* 360 Mo. 132, 227 S.W.2d 666, 18 A.L.R.2d 1335 (1950); 64 Am.Jur.2d Public Utilities § 232, at 739.

By recognizing that the Public Service Commission was without jurisdiction, we conclude that this court has no power to review the substantive issues presented in a circumstance where the agency lacked capacity to adjudicate.

Therefore, we dismiss this appeal.